IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TINA CRUZ,

    Plaintiff,

vs.  NO. _____

JAMEAL LANDRUM, in his individual capacity,
BRANDON ROYBAL, in his individual capacity,
and
CITY OF LAS CRUCES,

    JURY TRIAL DEMANDED

    Defendants.

**COMPLAINT FOR THE RECOVERY OF DAMAGES
CAUSED BY STATE TORTS AND BY THE DEPRIVATION OF CIVIL RIGHTS**

COMES NOW, the Plaintiff, by and through her attorneys, McGraw & Strickland, LLC, (Margaret Strickland), and in support of their Complaint against Defendants state the following upon knowledge, information and belief:

JURISDICTION AND VENUE

1. Jurisdiction and venue are proper in the Federal District Court of New Mexico.

2. All parties reside in New Mexico and the acts complained of occurred exclusively within Dona Ana County, New Mexico.

3. This is a civil rights claim brought pursuant to 42 USC §1983 and 42 USC §1988; therefore, this Court also has jurisdiction over this action pursuant to 28 USC §1343. This Court also has supplemental jurisdiction over the state tort claims pursuant to 28 USC §1367 because the acts alleged herein arise out of the same transaction or occurrence.

## PARTIES

4. Plaintiff Tina Cruz (hereinafter "Plaintiff Cruz") is an individual who resides in Las Cruces, New Mexico.

5. Defendant officer Jameal Landrum is an individual employed by the Las Cruces Police Department.

6. Defendant officer Brandon Roybal is an individual employed by the Las Cruces Police Department.

7. Defendant, City of Las Cruces (hereinafter "the City"), is an incorporated municipality located in Dona Ana County, New Mexico.

8. The City is a political subdivision of the State of New Mexico and is a person as defined by 42 U.S.C. § 1983.

9. Defendant Landrum and Roybal are sued in their individual capacity.

10. At all times pertinent, Defendant Officers were acting in the course and scope of their employment as law enforcement officers for the City and under color of state law.

11. On January 9, 2019, Plaintiff notified the City and the Las Cruces Police Department (LCPD) of the violations alleged herein against Defendants pursuant to the New Mexico Tort Claims Act, NMSA 1978, § 41-4-16.

## FACTUAL BACKGROUND

12. On October 23, 2018, Plaintiff Cruz was at her home in Las Cruces New Mexico.

13. Plaintiff Cruz' minor daughter had planned to spend that day and night at her father's home, but those plans fell through and she came home unexpectedly.

14. Plaintiff Cruz and her daughter began to argue, and at one point, Plaintiff Cruz' daughter called the non-emergency dispatch line and asked for a "welfare check" on her mother.

15. Dispatch coded this call as a physical domestic violence call, which means that either there has been domestic violence or that there may be domestic violence in the future.

16. Domestic violence is a broad term that can mean as little as rude or insolent touching.

17. Dispatch told the responding officers that the parties involved in this call were a mother and her minor daughter.

18. The Defendant officers were aware that under New Mexico law a parent cannot commit domestic violence against their minor child.

19. The Defendant officers were aware New Mexico's parental privilege allows a parent to interact physically with their child so long and the physical interaction is not child abuse, which is limited to a child being tortured, cruelly confined, or cruelly punished.

20. Defendant Officer Landrum responded to the call.

21. When Defendant Landrum arrived at Tina Cruz' home, he approached the front door, knocked on it loudly, and ordered the door be opened.

22. Plaintiff Cruz obeyed the order and opened her front door a few inches.

23. Defendant Landrum immediately put his foot into the doorway to prevent it from being closed again.

24. Defendant Landrum then ordered Plaintiff Cruz come out of her home and speak with him.

25. Defendant Landrum was trained that he could order a person to come out of their home and speak with him if he was investigating a case of domestic violence.

26. Plaintiff Cruz told Defendant Landrum that she was not dressed appropriately to come outside.

27. Defendant Landrum told Plaintiff Cruz if she did not step out and speak with him, he

would arrest her.

28. Plaintiff Cruz requested a warrant, told Defendant Landrum that this was private property, and declined to step out of her home.

29. Defendant Landrum then reached into Plaintiff Cruz' home, grabbed Plaintiff's Cruz arm, and pulled her out of her home.

30. Defendant Landrum violently dragged Plaintiff Cruz out of her house and into her front yard in front of her neighbors, and in doing so he pulled off Plaintiff Cruz' blouse.

31. Defendant Landrum handcuffed Plaintiff Cruz and dragged her to the back of his police car and forced her in, wearing only her bra.

32. While Defendant Landrum was arresting Plaintiff Cruz, Defendant Officer Brandon Roybal arrived on scene, saw the arrest taking place, and assisted Defendant Landrum with the arrest.

33. After the arrest, Defendant Landrum told Defendant Roybal that Defendant Landrum had arrested Plaintiff Cruz for not coming outside to talk to him and giving him a hard time by asking for a warrant.

34. Defendant Landrum and Defendant Roybal then went inside of Plaintiff Cruz' home without consent.

35. Defendant Landrum went inside Plaintiff Cruz' bedroom and searched her purse and wallet.

36. Defendant Landrum and Defendant Roybal then interviewed Plaintiff Cruz' daughter and found that no crime had been committed.

37. After determining no crime had been committed, Defendant Landrum decided that he would take Plaintiff Cruz to jail, where she was incarcerated.

38. Although Defendant Landrum and Defendant Roybal used force against Plaintiff Cruz, they did not timely follow the protocols required by LCPD when an officer uses force, including taking photographs and providing medical care.

39. Defendant Landrum then initiated and acted as the prosecuting agent in a malicious prosecution against Plaintiff Cruz in Las Cruces Municipal Court, charging her with resisting, evading, or obstructing an officer and concealing identity.  Defendant Landrum lacked probable cause for either crime.

40. After receiving a tort claims notice, Officer Landrum enlisted the help of the Las Cruces City Attorney's office, which normally does not participate in the prosecution of resisting cases.

41. Defendant Landrum initiated and continued this prosecution to cover his unlawful behavior and to retaliate against Plaintiff Cruz because she asserted her constitutional rights.

42. The Las Cruces Municipal Court Judge suppressed all evidence obtained by Defendant Landrum based on his unconstitutional and unlawful seizure and search of Plaintiff Cruz and the case was later dismissed.

43. Both officers gave statements that they acted in accordance with their training.

44. It is evident neither of the officers had been properly trained in accordance with state and federal law regarding warrants, lawful exceptions to the warrant requirement, lawful searches, lawful seizures and the duty to intervene when a constitutional violation is being committed by a fellow officer.

<u>COUNT I: STATE CLAIMS</u>

<u>(VIOLATION OF CIVIL RIGHTS, TRESPASS, BATTERY, AND FALSE IMPRISONMENT, FALSE ARREST, AND MALICIOUS ABUSE OF PROCESS)</u>

Plaintiff alleges and reassert all paragraphs of this Complaint as though fully set forth herein.

45. At all times material hereto, Defendants acted as LCPD law enforcement officers, within the scope of their duties.

46. Plaintiff Cruz has rights guaranteed under Article II, Sec. 10 of the New Mexico Constitution and the Fourth Amendment to the Unites States Constitution to be free from unreasonable searches and seizures.

47. The Defendants violated these rights by searching the Plaintiff's property and seizing the Plaintiff without legal cause.

48. Defendant Landrum violated this right by threatening to arrest and then arresting Plaintiff Cruz for refusing to step out of her home or allow the officer in her home.

49. Defendants trespassed when they entered and remained on the property of the Plaintiff without authorization, and Defendant Landrum trespassed when he searched the bedroom and purse of Plaintiff Cruz without authorization.

50. Defendant Landrum touched Plaintiff Cruz wrongfully, which is battery.

51. Defendant Landrum confined Plaintiff Cruz without legal cause, which is false imprisonment.

52. Defendant Landrum arrested Plaintiff Cruz without probable cause, which is false arrest.

53. Defendant Landrum initiated a malicious prosecution against Plaintiff Cruz, intending to use the prosecution as a cover up for his wrongful actions. This is malicious abuse of process.

54. Defendant Landrum's malicious prosecution including asking for and receiving help form

the Las Cruces City Attorney office once he received notice from Plaintiff Cruz that she may initiate a civil suit against him.  The Las Cruces City Attorney's Office, through assistant city attorneys, assisted Defendant Landrum with his malicious prosecution.

55. The Defendants waived immunity protection pursuant to NMSA 41-4-4; NMSA 41-4-12. when they caused personal injury to Plaintiff by violating her property rights, battering and violating the Plaintiff's rights under both the New Mexico and United States Constitutions.

56. The City is liable for the conduct of its employees acting in the course and scope of their employment and is not immune to claims from damages associated with these claims, pursuant to the New Mexico Tort Claims Act.

57. As a direct and proximate result of Defendants' unlawful conduct set forth above, Plaintiff suffered physical injuries, mental distress, fear, and emotional suffering in an amount to be proven at trial.

58. Plaintiff is entitled to recover from Defendants her damages, costs resulting from Defendants' violations, including pre and post-judgment interest, and any such other relief the court may deem just and proper.

<u>COUNT II:  FOURTH AMENDMENT CLAIMS</u>
<u>(UNLAWFUL SEARCH, SEIZURE, AND MALICIOUS PROSECUTION)</u>

Plaintiff alleges and reasserts all paragraphs of this Complaint as though fully set forth herein.

59. Plaintiff Cruz had a Fourth Amendment right to be secure in her home and effects against unreasonable entry and search without a warrant by officers and against unlawful seizure.

60. Plaintiff Cruz had a Fourth Amendment right to be free form malicious prosecution by the government.

61. As of October 2018, these rights were clearly stablished.

62. Defendant Officers wrongfully entered and searched the Plaintiff's property by:

    a. Defendant Landrum putting his foot in Plaintiff Cruz' doorway;

    b. going into and remaining in Plaintiff's home;

    c. searching Plaintiff's home including her bedroom; and

    d. searching Plaintiff's purse.

63. Defendant Landrum seized Plaintiff by:

    a. demanding, she open the door to her home;

    b. pulling Plaintiff Cruz out of her home;

    c. putting Plaintiff Cruz in a police car; and

    c. taking Plaintiff Cruz to jail.

64. Defendant Landrum maliciously prosecuted Plaintiff Cruz by initiating and continuing a prosecution against her which was not supported by probable cause and which was initiated maliciously to cover for his crimes and retaliate against Plaintiff Cruz for her assertion of her constitutional rights.

65. Defendants' conduct was intentional, malicious, willful, reckless, and/or wanton.

66. As a direct and proximate result of Defendants' unlawful conduct set forth above, Plaintiff suffered physical injuries, mental distress, fear, and emotional suffering in an amount to be proven at trial.

## COUNT III:
## FAILURE TO INTERVENE

Plaintiff alleges and reasserts all paragraphs of this Complaint as though fully set forth herein.

67. Each of the Defendant Officers had a duty to intervene when they had reason to know that Plaintiff's constitutional rights were being violated by their co-defendants.

68. Each of the Defendant Officers failed to intervene to prevent the violations of Plaintiff's

constitutional rights.

69. Each Defendant failed to intervene with the unlawful searches.

70. Defendant Roybal failed to intervene when he learned that Defendant Landrum's arrest was unlawful.

71. Defendants' conduct was intentional, malicious, willful, reckless, and/or wanton.

72. The duty of Defendants to intervene when they had reason to know of the constitutional violations was clearly established as of October 2018.

73. As a direct and proximate result of Defendants' unlawful conduct set forth above, Plaintiff suffered mental distress, fear, and emotional suffering in an amount to be proven at trial.

## COUNT IV:
## NEGLIGENT SUPERVISION AND TRAINING

Plaintiff alleges and reasserts all paragraphs of this Complaint as though fully set forth herein.

74. The City is charged with the responsibility for appointing, supervising, training, instructing, disciplining, and promoting LCPD officers, including all individually named Officer Defendants.

75. The City has appointed, supervised, trained, instructed, disciplined and/or promoted officers in a manner that encourages constitutional violations, retaliation, unlawful search, and unlawful seizure against civilians.

76. These policies led to the civil rights violations and torts against the Plaintiff and to the damages suffered by the Plaintiff.

## COUNT IV:
## *MONELL* CLAIM

Plaintiff alleges and reasserts all paragraphs of this Complaint as though fully set forth herein.

77. The City created a policy of failing to adequately train Las Cruces Police Department officers regarding civilian's constitutional rights, including their Fourth and Fifth Amendment rights.

78. This policy was deliberately indifference to the substantial risk of harm that people in Las Cruces who come into contact with Las Cruces police officers will have their civil rights violated.

79. This policy was the moving force behind the violation of Plaintiff's civil rights.

## DEMAND FOR JURY TRIAL

80. The Plaintiff demands a trial by jury.

## REQUEST FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

A. Compensatory damages in an undetermined amount, including, but not limited to, damages for violations of their civil rights, pain and suffering, humiliation and emotional distress.

B. Punitive damages in an as yet undetermined amount.

C. Reasonable costs and attorney's fees incurred in bringing this action.

D. Pre and post judgement interest.

E. Such other and further relief as the Court deems just and proper.

Respectfully Submitted,

*Electronically Submitted*

/s/ Margaret Strickland
Margaret Strickland, Esq.
MCGRAW & STRICKLAND, LLC
165 West Lucero
Las Cruces , NM 88005
Ph:   (575) 323-1529
Fx:   (575) 680-1200
Margaret@lawfirmnm.com
*Attorney for Plaintiff*