**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

TINA CRUZ,                                                    2:19-cv-00726 GJF/SMV

      **Plaintiff,**

vs.

**JAMEAL LANDRUM, in his individual capacity,
BRANDON ROYBAL, in his individual capacity,
and
CITY OF LAS CRUCES,**

      **Defendants.**

### CITY DEFENDANTS' MOTION TO ENFORCE THE SETTLEMENT

      Defendants Jameal Landrum, Brandon Roybal, and the City of Las Cruces (City Defendants), by and through its counsel of record, MYNATT MARTÍNEZ SPRINGER P.C. (Damian L. Martínez and Haley R. Grant), submit this Motion to Enforce the Settlement in this case. Pursuant to D.N.M. LR- Civ. 7.1, undersigned counsel called the number listed for *pro se* Plaintiff in Doc. 43 and did not receive a response. However, *pro se* Plaintiff was informed of the City Defendants intention to move to enforce the settlement agreement at the April 28, 2021 status conference and stated her position to void the settlement agreement. [Doc. 48]

### INTRODUCTION

      The Parties to this action entered into a binding settlement agreement through their attorneys on April 6, 2021. Under the terms of that Agreement, the Plaintiff agreed to settle and release its claims against the City Defendants and, in return, the Defendants agreed to pay the Plaintiff $117,000.00. The Plaintiff is now attempting to back out of that Agreement. Because the Parties agreed to material settlement terms embodied within the Settlement Agreement, and those

terms are enforceable under both federal and state law, City Defendants respectfully request that the Court enforce the Settlement Agreement.

## SETTLEMENT NEGOTIATION HISTORY

On March 22, 2021, the Honorable Judge Steven M. Vidmar held a Zoom settlement conference between the parties which was concluded with Plaintiff's $117,000 demand to be left open for acceptance until April 12, 2021. [Docs. 36, 47, 48]; Exhibit A, April 6, 2021 Defense Counsel Letter and Email; Exhibit B, Cabello Affidavit, ¶¶ 5, 9 – 10. Via text message on April 5, 2021, undersigned counsel for the City Defendants relayed the acceptance of Plaintiff's last demand to Attorney Margaret Strickland to resolve all claims against the City Defendants and confirmed the same via a letter the next day. [Doc. 47, 48]; Exhibit A, April 6, 2021 Defense Counsel Letter and Email; Exhibit B, Cabello Affidavit, ¶¶ 13, 15. With Attorney Strickland's approval on April 6, 2021, City Defendants filed a Notice of Settlement on April 6, 2021. [Doc. 41]. In response, the Court vacated the trial setting and all court deadlines on April 7, 2021. [Doc. 42].

On April 6, 2021, Attorney Strickland contacted undersigned counsel inquiring as to the status of the settlement agreement, and undersigned counsel forwarded a draft for review and execution. Exhibit C, April 6, 2021 Counsel Emails regarding Status of Settlement and Release. Plaintiff's counsel agreed to get the draft to Plaintiff for execution. Exhibit D, April 6, Attorney Strickland Email to Defense Counsel confirming Approval of Settlement.

Without explanation, on April 20, 2021, Plaintiff filed a *pro se* Notification of Attorney Termination. [Doc. 43]. Plaintiff then registered as *pro se* on April 20, 2021, and Attorney Strickland moved to withdraw the next day. [Docs. 44, 45]. On April 23, 2021, the Court set an April 28, 2021 status conference to discuss the status of the case. [Doc. 46]. At the status conference, Plaintiff explained that she refused to sign the settlement agreement, because her name

and pronouns were incorrect, and the settlement agreement did not include an order of protection for her.  [Doc. 48].

Plaintiff explained that she told her then attorney Margaret Strickland that she would only agree to the settlement if the City Defendants accepted liability and the City Defendants were enjoined from harassing her.  [Doc. 48].  Margaret Strickland, undersigned counsel, and the Court agreed that these non-monetary stipulations were not discussed at the settlement conference.  [Doc. 48].  Plaintiff contended that she had informed her former counsel of these additional stipulations and thought they should have been relayed during the settlement conference.  [Doc. 48].  On May 3, 2021, Judge Vidmar formally entered an order granting Attorney Strickland's withdrawal from the case.

## ARGUMENT

I.   **The City Defendants timely accepted Plaintiff's settlement offer of $117,000, which did not contain any additional terms or conditions other than the exchange of money. Thus, the Court must enforce the settlement between the Parties and dismiss Plaintiff's suit with prejudice.**

The Court has authority to enforce settlement agreements reached by litigants while a case is pending.  *Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246, 1254 (10th Cir. 2015).  The City Defendants' written acceptance of Plaintiff's offer obligates her to execute and honor the settlement. To the extent Plaintiff believes that her offer involved additional conditions, when those conditions were never relayed to the City Defendant or the Court, does not make the settlement void.

In enforcing a settlement agreement, the Court may order the reneging party to sign the settlement and release paperwork prepared by opposing counsel. *See Spraggins v. Reed*, No. 04-1384, 2006 U.S. Dist. LEXIS 29159 at *26 (D. N.M. Jan. 30, 2006) (non-precedential) (ordering the defaulting party to sign the Settlement Agreement and Release he had orally agreed upon).

Courts recognize the presumption that attorneys have authority to enter into settlement agreements on behalf of their clients.  *See Trujillo v. State of New Mexico*, No. 98-2068, 1999 U.S. App. LEXIS 2086, *7 (10th Cir. 1999) (quoting *Turner v. Burlington N. R.R.*, 771 F.2d 341, 345-46 (8th Cir. 1985)) ("Once it is shown that an attorney has entered into an agreement to settle a case, a party who denies that the attorney was authorized to enter into a settlement has the burden to prove that authorization was not given.").  Attorneys cannot settle their clients' claims "without specific authorization from the client[,] and… if there is an issue as to whether there was authorization, the party seeking enforcement of an alleged settlement has the burden of establishing authorization." *Gomez v. Jones-Wilson*, 294 P.3d 1268, 1273 (N.M. Ct. App. 2013).

Moreover, because settlement agreements are contracts, federal courts will enforce them by applying state contract law.  *Rogler v. Std. Ins. Co.*, 30 F. App'x 909, 913 (10th Cir. 2002) (non-precedential) (citing *United States v. McCall*, 235 F.3d 1211, 1215 (10th Cir. 2000)).  In New Mexico, "public policy encourages settlement agreements and the courts have a duty to enforce them." *Envtl. Control, Inc. v. City of Santa Fe*, 131 N.M. 450, 456, 38 P.3d 891 (N.M. Ct. App. 2001) (citing *Bd. of Educ. v. Dep't of Pub. Educ.*, 1999-NMCA-156). "An agreement of settlement cannot be set aside merely because, in light of subsequent events, it proves to have been unwise or unfortunate." *Id.* (citing *In re Tocci*, 45 N.M. 133, 142, 993 P.3d 112 (N.M. Ct. App. 1941).  After all, this policy would be undermined if parties were allowed "to renege *at will* after an agreement is reached." *Paradiso v. Tipps Equip*, 134 N.M. 814, 821, 82 P.3d 985 (N.M. Ct. App. 2003) (emphasis added).

In New Mexico, oral settlement agreements are as enforceable as written ones.  *See Rojo v. Loeper Landscaping*, 107 N.M. 407, 409, 759 P.3d 194 (N.M. 1988) (recognizing that an oral settlement is enforceable even when the parties contemplated reducing the terms to writing)*; see*

*e.g. Herrera v. Herrera*, 126 N.M. 705, 707, 709 – 710, 974 P.2d 675 (N.M. Ct. App. 1999) (enforcing an unexecuted marital settlement agreement that was orally agreed to).  Whether oral or written, an enforceable settlement agreement exists where there is (1) an offer; (2) acceptance; and (3) consideration. *See Hartbarger v. Frank Paxton, Co.*, 115 N.M. 665, 669, 857 P.2d 776 (N.M. 1993).  So long as the three essential elements are present, the court may fill in gaps in the non-material terms of a contract with reasonable terms.  *See Castle v. McKnight*, 116 N.M. 595, 598, 866 P.2d 323 (N.M. 1993) ("[I]f a contract is silent regarding the manner of performance, a term which is reasonable in the circumstances is supplied by the court.").

In the instant case, Plaintiff never communicated any conditions above payment of $117,000 to Attorney Strickland, undersigned counsel, or the Court.  Indeed, other than payment of the aforementioned amount the only restriction on Plaintiff's offer was that it had to be accepted by a date certain.[1]  [Docs. 41, 47]; Exhibit B, Cabello Affidavit ¶¶ 9 – 10; Exhibit C, April 6, 2021 Attorney Strickland Email to Defense Counsel regarding Status of Release; Exhibit D, April 6, 2021 Attorney Strickland Email to Defense Counsel confirming Approval.

Prior to the close of the settlement conference, Attorney Strickland and Judge Vidmar, in detail, explained the consequences of leaving the settlement offer of $117,000 open to City Defendants until April 12, 2021.  [Docs. 41, 47, 48]; Exhibit A; Exhibit B, ¶¶ 9 – 10.  Plaintiff clearly understood the offer and its consequences, and that a timely acceptance required the release of all claims against City Defendants.  *See Hartbarger*, 115 N.M. at 669.  Thus, Plaintiff's buyer's remorse and desire for a mulligan is not a valid basis to repudiate her consent to settle the suit.  *See*

---

[1] Both City Defendants and Attorney Strickland agree that the last offer made by Plaintiff at the close of the settlement conference required acceptance by a date specific. While Attorney Strickland's Charging Lien [Doc. 47] indicates the offer would expire on April 9. 2021, and the City Defendants contend the expiration of the offer would occur on April 12, 2021, City Defendants nevertheless accepted the offer on April 5, 2021 via text message and confirmed the offer the next day via written correspondence.  Exhibit B, Cabello Affidavit ¶¶ 9 – 10.

*id.*; *Envtl. Control, Inc.*, 131 N.M. at 456 ("An agreement of settlement cannot be set aside merely because, in light of subsequent events, it proves to have been unwise or unfortunate."); *Rojo*, 107 N.M. at 409 (recognizing that an oral settlement is enforceable even when the parties contemplated reducing the terms to writing).

Plaintiff has no valid reason to refuse to sign the Settlement Agreement.  As Judge Vidmar plainly provided to Plaintiff at the settlement conference, and as Plaintiff's counsel likely also explained, the $117,000 demand must be honored if City Defendants timely accepted the demand before April 12, 2021.  [Docs. 41, 47, 48]; Exhibit A; Exhibit B, ¶¶ 9 – 10; *see Gomez*, 294 P.3d at 1273 (Attorneys cannot settle their clients' claims "without specific authorization from the client[].").

Nevertheless, Plaintiff broke her word.  [Doc. 48].  Plaintiff had no authority to rescind her offer once City Defendants accepted the settlement.  The Court must now order Plaintiff to live by her agreement to settle this case and enforce the settlement. If the Court does not hold Plaintiff accountable to the terms of the accepted settlement offer, the City Defendants will be unduly prejudiced. Additionally, the integrity of New Mexico's public policy requiring parties to honor previously agreed upon settlements will be undermined.  *See Farmer*, 791 F.3d at 1254; *Trujillo*, No. 98-2068, 1999 U.S. App. LEXIS 2086, *7 ("Once it is shown that an attorney has entered into an agreement to settle a case, a party who denies that the attorney was authorized to enter into a settlement has the burden to prove that authorization was not given."); *Spraggins*, No. 04-1384, 2006 U.S. Dist. LEXIS 29159 at *26 (ordering the defaulting party to sign the Settlement Agreement and Release he had orally agreed upon); *Paradiso*, 134 N.M. at 821 (New Mexico's policy of favoring settlement would be undermined if parties were allowed "to renege *at will* after an agreement is reached.").

II.     **The Court should award attorney's fees to City Defendants for the expense related to enforcing the settlement agreement.**

Plaintiff's second thoughts on what she wanted her offer to be is unjustified and has needlessly cost City Defendants attorney's fees and costs.  With new unanticipated proceedings and filings in this matter including the filing of the instant motion, City Defendants have expended attorney's fees and costs associated with litigating a matter that Plaintiff assured City Defendants was resolved.  [Doc. 48].

"[T]he authority of a court to impose attorney-fee sanctions upon a party for bad-faith misconduct depends not on the terms of any private agreement between the litigants but on how the parties conduct themselves during the litigation." *Farmer*, 791 F.3d at 1255 ("The party, by controlling his [] conduct in litigation, has the power to determine whether sanctions will be assessed.").

Plaintiff's belated change of heart came with a cost to City Defendants and, in fairness, she should recompense City Defendants for attorney's fees that it should never have incurred.  [Docs. 41, 47, 48]; Exhibit A; Exhibit B, ¶¶ 9 – 10; *see id*.  To restore City Defendants to the position they fairly occupied having agreed to settle Plaintiff's claims, the Court should order Plaintiff to recompense City Defendants their attorney's fees.  *See id*.

## CONCLUSION

The Parties agreed to settle this case based upon Plaintiff's own proffered terms, yet she has refused to sign the Settlement Agreement without explanation.  As the Court well knows, all terms and consequences of the settlement were clearly explained to Plaintiff during the settlement conference.  Plaintiff accepted these terms, and there is simply no justifiable basis to allow her to renege on her obligation to execute the settlement agreement.  Accordingly, the Court must enforce

the settlement, and award City Defendants attorney's fees for the needless expense associated with the filing of this motion.

Respectfully submitted,

MYNATT MARTÍNEZ SPRINGER P.C.

DAMIAN L. MARTÍNEZ
N.M. Bar No. 14678
P.O. Box 2699
HALEY R. GRANT
N.M. Bar No. 145671
Las Cruces, NM  88004-2699
(575) 524-8812
dlm@mmslawpc.com
hrg@mmslawpc.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of May 2021, I filed the foregoing via CM/ECF, and served the same on Plaintiff via mail:

Tina Cruz
1913 East Idaho Ave.
Las Cruces, NM 88001

DAMIAN L. MARTÍNEZ
HALEY R. GRANT