UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

TINA CRUZ,

    Plaintiff,

v.                                                                                              Civ. No. 19-726 GJF/SMV

JAMEAL LANDRUM, et al.,

    Defendants.

## **ORDER AWARDING FEES AND COSTS IN ATTORNEY'S CHARGING LIEN**

THIS MATTER is before the Court upon McGraw & Strickland, LLC's Attorney's Charging Lien. ECF 47. As explained at the hearing held on July 14, 2021, and for the reasons below, the Court will enforce McGraw & Strickland, LLC's charging lien by awarding McGraw & Strickland, LLC the total fees and costs listed in its attorney charging lien, $44,927.08.

**I.   BACKGROUND**

    **A.  Parties' Settlement**

On August 8, 2019, Plaintiff sued Defendants under 42 U.S.C. § 1983 and state law for personal injuries arising from her arrest by Las Cruces Police Department personnel in October 2018. ECF 1 at 6–11. On March 22, 2021, the parties participated in a settlement conference. ECF 40 at 1. Shortly thereafter, on April 5, 2021, Defendants accepted Plaintiff's final demand of $117,000. Plaintiff, however, refused to sign the written settlement agreement, terminated McGraw & Strickland, LLC's representation, ECFs 43, 45, and began proceeding pro se. ECFs 44, 49. As a result, McGraw & Strickland, LLC filed a "notice of their attorney's charging lien [in the amount of $44,927.08] for legal services and costs that have been incurred in connection with [this] litigation." ECF 47 (Attorney's Charging Lien) at 1-2. In addition, Defendants moved to enforce the settlement. ECF 50.

After a hearing on Defendants' motion to enforce the settlement, *see* ECF 58 (clerk's minutes), the Court found that the parties entered into a binding oral settlement agreement that required "(1) Defendants [to] pay Plaintiff $117,000.00; (2) Defendants [to characterize] the entire settlement amount … as personal injury damages; and (3) in exchange, Plaintiff [to] dismiss and release all pending claims in this lawsuit and any she could have filed against the City of Las Cruces or its employees arising from the incident that gave rise to the lawsuit." ECF 60 at 5-7. The Court then enforced the terms of this agreement—including by requiring Defendants to send Plaintiff $72,072.92 and to "tender into the Registry of the Court … the remaining balance of $44,927.08," which represents the amount requested in McGraw & Strickland, LLC's attorney charging lien. *Id.* at 8.

**B. Attorney Charging Lien**

On July 14, 2021, the Court held a hearing on the charging lien. *See* ECF 66 (clerk's minutes). The Court noted that Plaintiff was absent from this hearing. *Id.* at 1. Furthermore, the Court found that Plaintiff had (1) received notice of the hearing, (2) never requested a continuance or in any way informed the Court that she might not be able to attend, and (3) voluntarily absented herself from the hearing. *Id.* Consequently, the Court proceeded with the remainder of the hearing. *Id.* at 1-2.

At the hearing, Margaret Strickland, Plaintiff's former attorney, offered three exhibits into evidence (copies of which are included as an attachment to the instant Order):

(1) The fee agreement, entitled "Legal Services Agreement: Civil Rights Representation," that Plaintiff and Ms. Strickland signed on October 30, 2018. Exhibit 1.

(2) McGraw & Strickland, LLC's February 26, 2021, email correspondence with Plaintiff "confirming that [Plaintiff] agree[d] with $400,000 being [her] initial demand amount for the mediation on March 22, 2021." Exhibit 2.[1]

(3) McGraw & Strickland, LLC's invoice documenting various advanced client costs, totaling $573.11, which were associated with her firm's representation of Plaintiff. Exhibit 3.

ECF 66 at 2. After admitting and reviewing these exhibits and considering the remainder of the testimony offered by Ms. Strickland, the Court found that the attorney charging lien satisfied the requirements in *Computer One, Inc. v. Grisham & Lawless P.A.*, 188 P.3d 1175, 1180 (N.M. 2008). ECF 66 at 2-3; *see also* Section III *infra*. Consequently, the Court stated that it would enforce the charging lien by requiring $44,927.08 to be paid from the Court's Registry to Ms. Strickland's law firm. *Id.* at 4. The instant order memorializes and further explains the Court's findings and decisions that were announced at this hearing.

**APPLICABLE LEGAL STANDARDS**

**A. Supplemental Jurisdiction**

The federal statute on supplemental jurisdiction, 28 U.S.C. § 1367, provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

"Section 1367 does not speak to fee disputes. Nonetheless, [the Tenth Circuit] ha[s] held that '[d]etermining the legal fees a party to a lawsuit properly before the court owes its attorney, with respect to the work done in the suit being litigated, easily fits the concept of [supplemental]

---

[1] This exhibit indeed confirms that Plaintiff gave Ms. Strickland authority to make the $400,000 opening demand and further bolsters the Court's finding to that effect in its order on the motion to enforce settlement. *See* ECF 60 at 2; Exhibit 2 (showing Plaintiff's express agreement with this $400,000 opening demand "as long as [Defendants] classif[ied] [the payment] as personal injury").

jurisdiction.'" *Davis v. King*, 560 Fed. Appx. 756, 759 (10th Cir. 2014) (unpublished) (quoting *Jenkins v. Weinshienk*, 670 F.2d 915, 918 (10th Cir. 1982) (additional quotation omitted) (citing, inter alia, *Kalyawongsa v. Moffett*, 105 F.3d 283, 287-88 (6th Cir. 1997) (observing that "although attorneys' fee arrangements are contracts under state law, the federal court's interest in fully and fairly resolving the controversies before it requires courts to exercise supplemental jurisdiction over fee disputes that are related to the main action")).

### B. Attorney Charging Lien in New Mexico

"Unlike many other states, New Mexico does not have a statute providing an attorney with the right to assert a charging lien against the fruits of a settlement or a judgment. Therefore, [New Mexico] courts have looked to common law and principles of equity to determine the rights afforded an attorney by such a lien." *Computer One, Inc. v. Grisham & Lawless P.A.*, 188 P.3d 1175, 1180 (N.M. 2008) (citation omitted). "The charging lien arises from a recognition that when an attorney assists a client in procuring a judgment or a fund recovered by his efforts, the attorney needs to be paid from that fund for the value of services rendered before the proceeds are disbursed." *Id.* Thus, "[a] court, sitting in equity, has a responsibility to enforce the lien against the judgment to protect lawyers from dishonest clients." *Id.*

"In New Mexico, there are four requirements for the imposition of an attorney charging lien[:]"

> First, there must be a valid contract between the attorney and the client, although the contract need not be express. Second, there must be a judgment, or fund, that resulted from the attorney's services. Third, the attorney must have given clear and unequivocal notice that he intends to assert a lien, and notice must be given to the appropriate parties. Finally, the lien must be timely—notice of the lien must be given before the proceeds from the judgment have been distributed.

4

*Id.* (quotations, citations, and brackets omitted).  "In addition to these procedural requirements, a court in its equitable powers may inquire into the reasonableness of the asserted lien."  *Id.* (quotation and alteration omitted).

The Tenth Circuit "review[s] the magistrate's award of attorneys' fees for abuse of discretion."  *Garrick v. Weaver*, 888 F.2d 687, 690 (10th Cir. 1989); *Davis v. King*, 560 Fed. Appx. 756, 762 (10th Cir. 2014) (unpublished) (same).  "An abuse of discretion occurs when a judicial determination is arbitrary, capricious or whimsical."  *Albuquerque Tech. Voc. Inst. v. Gen. Meters Corp.*, 17 Fed. Appx. 870, 874 (10th Cir. 2001) (unpublished) (quoting *United States v. Wright*, 826 F.2d 938, 943 (10th Cir. 1987)).

## II. DISCUSSION

The Court will exercise its supplemental jurisdiction under 28 U.S.C. § 1367(a) to decide the validity of the attorney's charging lien and the amount to be disbursed pursuant to it.  In doing so, the Court finds that McGraw & Strickland, LLC has satisfied the "four requirements for the imposition of an attorney charging lien," *Computer One, Inc.*, 188 P.3d at 1180:

(1) "[T]here [was] a valid contract between [Ms. Strickland] and [Plaintiff]."  *Id.*  Specifically, the fee agreement, which both individuals signed on October 30, 2018, constituted a valid contract.  *See* Exhibit 1.

(2) There was a "fund recovered by [Ms. Strickland's] efforts."  *Computer One*, 188 P.3d at 1180-81.  In this case, the fund was the $117,000.00 settlement that the Court has found the parties agreed upon.

(3) By filing the notice of Attorney's Charging Lien [ECF 47] on the electronic docket sheet, Ms. Strickland had "given clear and unequivocal notice that [s]he intend[ed] to assert a lien."  *Id.* at 1180.

(4) "[T]he lien [was] timely" in that "notice of the lien [was] given before the proceeds from the judgment [were] distributed."  *Id.*

In addition, the Court has exercised "its equitable powers" to "inquire into the reasonableness of the asserted lien."  *Id.*  In assessing such reasonableness, the Court finds that the

5

35 percent contingency fee in the written fee agreement—which requires Plaintiff to pay Ms. Strickland $40,950 (i.e., 35 percent of the $117,000 settlement)—is fair and reasonable and well in line with standard percentages in civil rights cases throughout New Mexico.  *See* Exhibit 1.  In addition, the Court finds that, pursuant to this fee agreement, Plaintiff is required to pay Ms. Strickland $3,403.97 in New Mexico gross receipts tax (i.e., 8.3125 percent of the $40,950 contingency fee), and such an amount is a justifiable cost charged to Plaintiff.  *See id.*  Furthermore, the fee agreement requires Plaintiff to reimburse Ms. Strickland $573.11 for advanced client costs, and such costs are appropriate and properly reimbursable.  *See id.*; Exhibit 3.

In conclusion, the Court finds that that McGraw & Strickland, LLC has timely asserted a valid attorney charging lien [ECF 47] in the amount of and that Plaintiff is required to pay Ms. Strickland's firm $44,927.08—i.e., the total fees and costs listed in the attorney charging lien ($40,950 + $3,403.97 + $573.11)—from Plaintiff's $117,000 settlement.  The Court further finds that such an amount is reasonable—particularly in light of the legal services Ms. Strickland provided, the standard rate for such services, and the valid contract that Ms. Cruz voluntarily entered into in exchange for such services.

## III.  CONCLUSION

**IT IS THEREFORE ORDERED** that McGraw & Strickland, LLC's charging lien [ECF 47] is enforced in that the Court awards to McGraw & Strickland, LLC $44,927.08 from the funds deposited by Defendants in the Court's registry.

**IT IS FURTHER ORDERED** that the Clerk of Court disburse via check as soon as reasonably possible this $44,927.08 in funds to:

> McGraw & Strickland, LLC
> 165 West Lucero Ave.
> Las Cruces, NM 88005
> *Phone:* (575) 523-4321

*Tax ID Number:* 45-4158842

(This $44,927.08 amount consists entirely of principal, and zero interest has been computed, charged, or credited.) In order to facilitate the timely disbursement of these funds, the Clerk of Court shall request any additional information or forms it may need (e.g., IRS Form W-9) from McGraw & Strickland, LLC in a timely fashion.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*