UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

TINA CRUZ,

    Plaintiff,

v.                                                Civ. No. 19-726 GJF/SMV

JAMEAL LANDRUM, et al.,

    Defendants.

**ORDER DENYING PLAINTIFF'S MOTIONS FOR REHEARING AND TO RECONSIDER**

THIS MATTER is before the Court upon pro se Plaintiff's "Motion for Rehearing/to Vacate" [ECF 65] and "Motion to Reconsider Court Ordered Charging Lien" [ECF 71]. For the following reasons, the Court will **DENY** the motions

**I.  LEGAL STANDARD**

While the Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration, Rule 54(b) provides that any order or decision "that adjudicates fewer than all claims . . . may be revised at any time before the entry of a judgment adjudicating" all claims. Fed. R. Civ. P. 54(b). In this District, Rule 54(b) has been interpreted to provide the reviewing court the discretion to "select the standard of review for a motion to reconsider an interlocutory order." *Kruskal v. Martinez*, 429 F. Supp. 3d 1012, 1024 (D.N.M. 2019). For its part, the Tenth Circuit has found instructive the standard used to review a motion made under Rule 59(e). *See Ankeney v. Zavaras*, 524 Fed. Appx. 454, 458 (10th Cir. 2013) (unpublished). In the Rule 59(e) context, there are three circumstances in which granting a motion to reconsider is appropriate; first, where there is an intervening change in the controlling law; second, when there is new evidence that was

previously unavailable; and third, where there is a need to correct clear error or prevent manifest injustice. *Id.* (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

A motion to reconsider is also appropriate "where the court has misapprehended the facts, a party's position, or the controlling law," but such motions are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in a prior briefing." *Servants of the Paraclete*, 204 F.3d at 1012. "Absent extraordinary circumstances, … the basis for the second motion must not have been available at the time the first motion was filed." *Id.; see also Matosantos Com. Corp. v. Applebee's Int'l, Inc.*, 245 F.3d 1203, 1209 n. 2 (10th Cir. 2001) (holding that a court, in reviewing a motion to reconsider, need not address new arguments raised by the parties); *United States v. Castillo-Garcia*, 117 F.3d 1179, 1197 (10th Cir. 1997) (emphasizing that "arguments raised for the first time in a motion for reconsideration are not properly before the court and generally need not be addressed").

## II.  DISCUSSION

In its Order Awarding Fees and Costs in Attorney's Charging Lien [ECF 67], which "memorializes and further explain[ed] the Court's findings and decisions that were announced at [the July 14, 2021] hearing [on the charging lien]," the Court made the following findings:

> McGraw & Strickland, LLC has satisfied the "four requirements for the imposition of an attorney charging lien," *Computer One, Inc. v. Grisham & Lawless P.A.*, 188 P.3d 1175, 1180 (N.M. 2008):
>
> (1) "[T]here [was] a valid contract between [Ms. Strickland] and [Plaintiff]." *Id.* Specifically, the fee agreement, which both individuals signed on October 30, 2018, constituted a valid contract.
>
> (2) There was a "fund recovered by [Ms. Strickland's] efforts." *Computer One*, 188 P.3d at 1180-81. In this case, the fund was the $117,000.00 settlement that the Court has found the parties agreed upon.

> (3) By filing the notice of Attorney's Charging Lien [ECF 47] on the electronic docket sheet, Ms. Strickland had "given clear and unequivocal notice that [s]he intend[ed] to assert a lien." *Id.* at 1180.
>
> (4) "[T]he lien [was] timely" in that "notice of the lien [was] given before the proceeds from the judgment [were] distributed." *Id.*
>
> . . . .
>
> In conclusion, the Court finds that McGraw & Strickland, LLC has timely asserted a valid attorney charging lien [ECF 47] in the amount of … $44,927.08 . . . . [S]uch an amount is reasonable—particularly in light of the legal services Ms. Strickland provided, the standard rate for such services, and the valid contract that Ms. Cruz voluntarily entered into in exchange for such services.

ECF 67 at 5-6. Consequently, the Court enforced McGraw & Strickland, LLC's charging lien [ECF 47] by awarding McGraw & Strickland, LLC $44,927.08 from the funds in the Court's registry. *Id.* at 2.

The Court has thoroughly considered Plaintiff's motions. Plaintiff, however, has provided no "[g]rounds warranting a motion to reconsider." *Servants of the Paraclete*, 204 F.3d at 1012. First, Plaintiff has pointed to no "intervening change in the controlling law." *Id.*; *see* ECF 65, 71. Second, Plaintiff has not shown how the Court's application of the law to the facts and evidence before it amounted to a "clear error or … manifest injustice." *Servants of the Paraclete*, 204 F.3d at 1012; *see* ECF 65, 71. Third, Plaintiff's exhibits [ECF 71-1 through 71-3]—even if viewed as "*new* evidence [that was] *previously unavailable*"—do not suggest that the Court "misapprehended the facts, [Plaintiff's] position, or the controlling law." *Servants of the Paraclete*, 204 F.3d at 1012 (emphasis added). Indeed, although the Court held an hourlong status conference with Plaintiff attending on July 16th [ECF 70], and thereafter provided Plaintiff an opportunity to submit any written material she wished, *nothing* in Plaintiff's motions causes the Court in any way to question its conclusion that McGraw & Strickland, LLC timely asserted a valid attorney charging lien that was reasonable in amount. ECF 67 at 5-6. The Court further concludes that Plaintiff's absence

from the evidentiary hearing on the attorney charging lien, though voluntary and without justifiable excuse, had no effect on the Court's decision. The Court concludes that there is no evidence that Plaintiff could have introduced nor any question she could have asked on cross-examination that would have made a difference on the very narrow legal considerations the Court had before it with respect to the charging lien.

## III.  CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's motions [ECF 65, 71] are **DENIED**.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*